IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JAMES GOODIN,
ADC #98929                                                                    PLAINTIFF

V.                         CASE NO. 1:14CV00096 DPM/BD

LOUCINDA LONG                                                          DEFENDANT

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to United States District Court Judge D.P. Marshall Jr.  Mr. Goodin may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail objections to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.  Discussion**

Plaintiff James Goodin, an Arkansas Department of Correction inmate, filed this case *pro se* under 42 U.S.C. § 1983, in the Western District of Arkansas. (Docket entry #1)  The case was transferred to the Eastern District of Arkansas.  In his complaint, Mr. Goodin alleges that Defendant Long made false allegations against him, resulting in a delay in his parole eligibility date.  In addition to claiming a violation of his federally protected rights, Mr. Goodin also claims that Ms. Long defamed him.  The allegations in Mr. Goodin's complaint do not state federal claims.  For that reason, the Court will recommend that Mr. Goodin's case be DISMISSED.

For purposes of screening this Complaint, the Court will assume that Mr. Goodin's allegations are true.  Even so, issuing of a false disciplinary, without more, does not rise to the level of a constitutional violation.  *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (citing *Freeman v. Rideout*, 808 F.2d 949, 951–52 (2nd Cir.1986)).  Under some circumstances, this kind of misconduct can support a federal claim, for example, if it was done in retaliation for an inmate's exercising a federally protected right.  But here, Mr. Goodin does not allege or identify any retaliatory motive that Defendant Long might have had to issue a false disciplinary.  And even if she had, Mr. Goodin has no federally

protected liberty interest in either parole or the loss of good time credits. See *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011) (no liberty interest in parole) and *McKinnon v. Norris*, 231 S.W.3d 725, 730 (Ark. 2006) (meritorious "good-time" does not apply to reduce the length of a sentence; as a result, Arkansas has not created a liberty interest in good-time protected by the Constitution).

Because there are no federal claims at issue in this case, the Court should decline to exercise supplemental jurisdiction over Mr. Goodin's state tort claims.

### III. Conclusion

The Court recommends that Mr. Goodin's claims be DISMISSED, without prejudice.

DATED this 30th day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE